IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID ANTOINE LUSTER,** | ) | |
| Petitioner, | ) | C.A. No. 19-12 Erie |
| | ) | |
| v. | ) | **District Judge Susan Paradise Baxter** |
| | ) | **Magistrate Judge Richard A. Lanzillo** |
| **WARDEN TRATE,** | ) | |
| Respondent. | ) | |

### **MEMORANDUM ORDER**

This action for habeas corpus relief was received by the Clerk of Court on January 14, 2019. In his habeas petition, Petitioner seeks relief under 28 U.S.C. § 2241, pursuant to the "savings clause" of 28 U.S.C. 2255(e), which allows a federal prisoner to challenge the validity of his underlying conviction where it "appears that the remedy by [§2255 petition] is inadequate or ineffective to test the legality of his detention." In particular, Petitioner asserts that he is actually innocent of his sentence because the Fair Sentencing Act of 2010 and the First Step Act of 2018 have since reduced the applicable penalty for his offense of conviction. In addition, Petitioner challenges the validity of the mandatory restitution portion of his sentence. The petition was referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

On April 14, 2020, Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that the petition be dismissed because Petitioner's claims fail to satisfy the requirements of 28 U.S.C. § 2255(e). [ECF No. 20]. In particular, Judge Lanzillo concluded that Petitioner has failed to claim that he was convicted of conduct that was subsequently decriminalized by a change in the law, which is the first of two conditions that must be satisfied

1

by a federal prisoner in order to take advantage of § 2255's savings clause under <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997) (<u>Id</u>. at p. 6).

On May 4, 2020, Petitioner filed Objections to the R&R [ECF No. 21] essentially arguing that his claim is analogous to the claim raised in <u>Fiore v. White</u>, 531 U.S. 225 (2001), where the Supreme Court overturned the conviction of a defendant because a subsequent clarification of the criminal statute the defendant was convicted of violating revealed that he was convicted "for conduct that the state's criminal statute, as properly interpreted, does not prohibit." <u>Fiore</u>, 531 U.S. at 228. In other words, the Court in <u>Fiore</u> determined that the defendant's conduct was not, in fact, criminal under the intended meaning of the statute. Such circumstances are not present here. Unlike in <u>Fiore</u>, Petitioner's conviction was based on conduct that is still consider criminal under the applicable statute(s). He is not actually innocent of the crime for which he was convicted, nor was his conduct subsequently decriminalized.

Thus, after *de novo* review of the petition and documents in the case, together with the report and recommendation, the following order is entered:

AND NOW, this 14th day of May, 2020,

IT IS HEREBY ORDERED that the within petition for a writ of habeas corpus is DISMISSED, with prejudice, and the report and recommendation of Magistrate Judge Lanzillo, issued on April 14, 2020 [ECF No. 20], is adopted as the opinion of this Court. As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."

*[signature]*

SUSAN PARADISE BAXTER
United States District Judge

cc:   The Honorable Richard A. Lanzillo
      United States Magistrate Judge

      All parties of record